# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 18-CR-29-JPS |
| JERRY L. BOYCE, | **ORDER** |
| Defendant. | |

**1. BACKGROUND**

Defendant filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) and, shortly thereafter, filed a supplemental motion. (Docket #33, #36). After the Government responded, (Docket #40), Defendant filed a reply (Docket #41), another supplement (Docket #44), and motions to amend his motion for compassionate release and the supplements thereto (Docket #43, #46, #47). Additionally, two of Defendant's siblings sent letters to the Court in support of Defendant's compassionate release. (Docket #42, #45). Having reviewed the aforementioned submissions, the Court is obliged to deny Defendant's motion for compassionate release.

**2. FACTS**

In May 2018, Defendant pleaded guilty to three counts of Hobbs Act Robbery, one count of discharging a firearm in relation to a crime of violence, and one count of being a felon in possession of a firearm. (Docket #15, #28). In September 2018, this Court sentenced Defendant to a total term of imprisonment of 165 months followed by three years of supervised

release. (Docket #28 at 3). At present, Defendant has served approximately 27 months of his sentence. His tentative release date is December 7, 2029.[1]

Defendant is currently incarcerated at Federal Correctional Institution Pekin ("FCI Pekin") in Pekin, Illinois. According to Defendant, the housing units "consist of multiple person rooms." (Docket #36 at 6). As of December 30, 2020, FCI Pekin had tested a total of 995 inmates for COVID-19; 729 of those inmates have had positive test results.[2] On December 30, there were 222 inmates with confirmed active cases of the virus. No inmates at FCI Pekin, nor any staff members, have died from COVID-19.[3] In October, Defendant informed the Court that his cellmate contracted COVID-19 and that Defendant believes he did not get infected. (Docket #44 at 1).

Defendant is a 37-year-old man who claims to have high blood pressure and chronic chest pains. (Docket #33 at 4). The cause of Defendant's chest pains is undetermined, as he is unable to get an X-ray or MRI at this time. (Docket #36 at 13). In his supplemental brief, Defendant states that his age and race put him at high risk of suffering from severe illness should he contract COVID-19. (*Id.* at 2). He also alleges that he is nearsighted and suffers from intense migraines and moderate asthma. (*Id.*) In his reply to the Government's response, Defendant states that he is obese, borderline diabetic, and a former smoker. (Docket #41 at 2; #41-1 at 2–3). In

---

[1]Although Defendant states that his expected release date is October 14, 2029, (Docket #36 at 1), the Court defers to information available from the Bureau of Prisons. *See* Fed. Bureau of Prisons, Find an inmate., https://www.bop.gov/inmateloc/ (last visited Dec. 22, 2020).

[2]Fed. Bureau of Prisons, COVID-19 Coronavirus, https://www.bop.gov/coronavirus/ (last visited Dec. 30, 2020).

[3]*Id.*

one of his more recent submissions, Defendant claims, and his medical records confirm, that he has a fistula, which he states could lead to serious infection, illness, and/or need for colostomy bag,. (Docket #43 at 5–6; #43-1 at 3).

Defendant also avers to have a history of suffering from depression and schizophrenia. (Docket #36 at 2; #41-1 at 5). At the time of his intake, Defendant denied experiencing any depressive symptoms or hallucinations. (Docket #41-1 at 5). Further, he was not prescribed any psychotropic medications and indicated that he did not need any individual treatment. (*Id.* at 5–6). It appears that the doctor at Pekin informed Defendant about the psychology programs and services offered at Pekin, as well as how Defendant could request such services. (*Id.* at 6). In his submissions to the Court, Defendant does not suggest that he has recently had any hallucinations or schizophrenic episodes. However, he alleges that COVID-19 and the circumstances surrounding it are "destroying his mind" and causing "unhealthy mental thoughts." (Docket #33 at 4). In a later submission, Defendant describes that being incarcerated during the pandemic has been a "depressive roller coaster." (Docket #41 at 15).[4]

3.  **LEGAL STANDARD**

The Court can modify a term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the

---

[4] Defendant also alleges that he has been sexually harassed by a prison official while incarcerated at FCI Pekin. (*See* Docket #43 at 4–5). While the Court does not intend to diminish Defendant's concerns, such allegations do not warrant compassionate release under § 3582(c)(1)(A).

defendant's behalf" or thirty days after the warden at the defendant's facility has received such a request for release, "whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). There must also be "extraordinary and compelling reasons warrant[ing] such a reduction[.]" *Id.* § 3582(c)(1)(A)(i).

While § 3582(c)(1)(A) instructs that a reduction must also be "consistent with applicable policy statements issued by the [United States] Sentencing Commission," this circuit recently held that the relevant policy statement, U.S.S.G. § 1B1.13, is inapplicable to prisoner-initiated motions for compassionate release. *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020). Therefore, a court has discretion when determining what constitutes an "extraordinary and compelling" reason warranting compassionate release. *Id.* ("[T]he trailing paragraph of § 3582(c)(1)(A) does not curtail a district judge's discretion. Any decision is 'consistent with' a nonexistent policy statement."). A district court may also "make the same determinations that would normally be left to the Director of the Bureau of Prisons [under the catchall provision at U.S.S.G. § 1B1.13 cmt. n.1(D)]." *United States v. Brown*, Case No. 01-CR-196-JPS, 2020 WL 4569289, at *4 (E.D. Wis. Aug. 7, 2020). Yet, this Court will evaluate prisoner-initiated motions for compassionate release with due regard for the guidance provided in § 1B1.13 because it "provide[s] a working definition of 'extraordinary and compelling reasons' . . . [which] can guide discretion without being conclusive." *Gunn*, 980 F.3d at 1180; *see also United States v. Mays*, Case No. 1:08-cr-00125-TWP-DML, 2020 WL 7239530, at *3 (S.D. Ind. Dec. 9, 2020) (evaluating compassionate motions brought under the "extraordinary and compelling" prong of § 3582(c)(1)(A) with "due regard" for § 1B1.13).

The commentary to the Sentencing Guidelines explains that "extraordinary and compelling reasons exist" when "[t]he defendant is

Page 4 of 10
Case 2:18-cr-00029-JPS   Filed 01/06/21   Page 4 of 10   Document 48

suffering from a terminal illness, (i.e., a serious and advanced illness with an end of life trajectory)" such as cancer or advanced dementia. U.S.S.G. § 1B1.13 n.1.(A)(i). The commentary also considers a defendant's medical condition to be an extraordinary and compelling reason if:

> [t]he defendant is suffering from a serious physical or mental condition, suffering from a serious functional or cognitive impairment, or experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

*Id.* §1B1.13 n.1.(A)(ii).

The Court will also consider whether "the defendant is not a danger" to others or the community, as provided in 18 U.S.C. § 3142(g). *Id.* § 1B1.13(B)(2).

Prior to modifying a term of imprisonment, the Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a), if applicable. 18 U.S.C. § 3582(c)(1)(A). Pursuant to § 3553(a), when determining the sentence to be imposed, the Court shall consider, among other things: the nature and circumstances of the offense; the defendant's history and characteristics; and the need for the sentence to (1) reflect the seriousness of the offense, promote respect for the law, and provide just punishment, (2) afford adequate deterrence, (3) protect the public, and (4) provide the defendant with effective training, care, and/or treatment.

4.  **ANALYSIS**

First, the Court notes, and the Government concedes that Defendant has exhausted his administrative remedies. Next the Court determines

whether Defendant has an extraordinary and compelling reason to support his release.

Defendant's medical records substantiate that he suffers from hypertension and chest pain. (Docket #41-1 at 1). This Court has previously held that the outbreak of COVID-19, together with a defendant's underlying medical conditions that place the defendant at "high risk" should he contract the disease, establish an extraordinary reason warranting release. *See, e.g.*, *United States v. Gonzales*, Case No. 13-CR-101-JPS, 2020 WL 4437154, at *4 (E.D. Wis. Aug. 3, 2020). The Centers for Disease Control and Prevention ("CDC") guidance states that "adults of any age" with hypertension or high blood pressure "might be at an increased risk for severe illness from the virus that causes COVID-19[.]"[5] Therefore, this guidance does not definitively state that those with hypertension are at high risk.

Although Defendant claims he is obese, according to Defendant's health records he is 5'9" and weighs 188 lbs. Thus, Defendant has a body mass index ("BMI") of 27.8, which suggests that he is overweight, not obese.[6] Again, the CDC guidance suggests that persons who are overweight (having a BMI in between 25 and 30) *might* be at an increased risk of illness

---

[5]Ctrs. for Disease Control and Prevention, Coronavirus Disease 2019 (COVID-19), People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last visited Dec. 31, 2020).

[6]Ctrs. For Disease Control and Prevention, Healthy Weight, Nutrition, and Physical Activity, Adult BMI Calculator, https://www.cdc.gov/healthyweight/assessing/bmi/adult_bmi/english_bmi_calculator/bmi_calculator.html (last visited Dec. 31, 2020).

should he or she contract COVID-19, whereas the obese (persons with a BMI of 30 or greater) are at an increased risk.[7]

Defendant also states that he has moderate asthma. However, his medical records do not mention this diagnosis and Defendant has not provided anything to substantiate the same. Even if he did have moderate asthma, the CDC guidance does not conclusively state whether persons with moderate-to-severe asthma are at an increased risk of severe illness if they are infected with the virus. Similarly, Defendant's claim that he is borderline diabetic does not establish that he is at an increased risk of illness.

Defendant also states that he has suffered from depression and schizophrenia, and that COVID-19 has exacerbated his depression. The Court sympathizes with Defendant's concerns for his life and the lives of his loved ones. The Court also understands that such concerns are likely to affect his mental health, particularly his depression. However, the CDC does not recognize mental health issues–such as depression and schizophrenia–as conditions that will or may increase one's risk of severe illness from COVID-19. *See United States v. Rowsey*, Case No. 15-cr-108-pp, 2020 WL 7385394, at *2 (E.D. Wis. Dec. 16, 2020) (denying motion to reconsider denial of compassionate release by a defendant who suffered from depression, PTSD, and bi-polar disorder because he did not have severe underlying health issues that, according to the CDC, put someone at higher risk for severe illness if infected with COVID-19); *United States v.*

---

[7] Ctrs. for Disease Control and Prevention, Healthy Weight, Nutrition, and Physical Activity, About Adult BMI, https://www.cdc.gov/healthyweight/assessing/bmi/adult_bmi/index.html#Interp retedAdults (last visited Dec. 31, 2020).

*Foster*, Case No. 18-CR-472, 2020 WL 7424973, at *2 (N.D. Ohio Dec. 17, 2020)("Major depressive disorder is not currently on the CDC's list as a medical condition that places individuals at an increased or possible risk of severe illness from the virus that causes COVID-19."); *United States v. Davis*, No. 7:08-CR-81-BR, 2020 WL 7408729, at *2 (E.D.N.C. Dec. 17, 2020)(acknowledging that while the pandemic was causing defendant stress and anxiety, "psychological distress" was not recognized as a risk factor for severe illness by the CDC.); *United States v. Barnes*, No. 11-10146-01-JTM, 2020 WL 6117896, at *1 (D. Kan. Oct. 16, 2020)(finding that defendant with paranoid schizophrenia and general anxiety had not established an extraordinary and compelling reason warranting release because "such mental impairments [were] not recognized COVID-19 risk factors.").

Lastly, although Defendant has a gluteal fistula, this condition does not increase his risk for severe illness should he contract COVID-19. *See also United States v. Woods*, Docket No. 3:17-CR-00132-MOC-DSC, 2020 WL 4586881, at *1–*2 (W.D.N.C. Aug. 10, 2020)(finding that defendant, who had a "fistula requiring surgery" had not offered an extraordinary and compelling reason for his release.").

Based on the foregoing, Defendant's hypertension appears to be the only condition that potentially puts him at serious risk. Yet, even if Defendant's alleged conditions amounted to an extraordinary and compelling reason warranting his release, that alone is insufficient. The Court must also analyze whether the factors in 18 U.S.C. § 3553(a) mitigate against release.

Defendant pleaded guilty to committing two robberies and attempting to commit a third. (*See* Docket #15). He also brandished a

revolver and demanded money from staff while committing each offense. (*Id.* at 4–7; Docket #23 at 5–7).[8] Notably, Defendant is prohibited from possessing a firearm due to his prior felony convictions. (Docket #23 at 7). At this juncture, Defendant has served slightly over fifteen percent of his 165-month sentence of imprisonment. A reduction in Defendant's sentence would, undoubtedly, fail to reflect the seriousness of Defendant's offenses, promote respect for the law, and provide just punishment to Defendant. Nor would it deter Defendant from future crimes or protect the public, whom Defendant put very much at risk when he committed his crimes.

The Court understands that Defendant may very well be distressed over how the pandemic might affect him and his family. However, Defendant has not established an extraordinary and compelling reason warranting his release. Even if he had, the Court's analysis of the § 3553(a) factors mitigates against granting Defendant's motion for compassionate release. Further, the Court is not convinced that if released Defendant would not be a danger to others or the community.

## 5. CONCLUSION

Based on the foregoing, the Court will deny Defendant's motion for compassionate release, (Docket #33) and summarily deny his supplemental motions and amendments thereto (Docket #36, #43, #46, #47). The Court will also grant the Government's motion to seal, (Docket #39).

---

[8]Defendant also argues that his sentence should be reduced because Hobbs Act Robbery is not a "crime of violence" within the meaning of 18 U.S.C. § 924(c). (Docket #41 at 7–9). However, the Seventh Circuit has held that Hobbs Act Robbery does, in fact, constitute a crime of violence. *See United States v. Anglin*, 846 F.3d 954, 964–65 (7th Cir. 2017). Because Defendant's Hobbs Act Robbery convictions serve as a valid predicate for his § 924(c) conviction, Defendant's argument for sentence reduction on this ground also fails.

Accordingly,

**IT IS ORDERED** that Defendant's motion for compassionate release (Docket #33), and his supplemental motions and amendments thereto, (Docket #36, #43, #46, #47) be and the same are hereby **DENIED**; and

**IT IS FURTHER ORDERED** that the Government's motion to seal (Docket #39) be and the same is hereby **GRANTED**.

Dated at Milwaukee, Wisconsin, this 6th day of January, 2021.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge