# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>v.<br><br>JERRY L. BOYCE,<br><br>      Defendant. | Case No. 18-CR-29-JPS<br><br><br>**ORDER** |

**1. BACKGROUND**

On June 15, 2020, Defendant filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) and, shortly thereafter, filed a supplemental motion. ECF Nos. 33, 36. After the Government responded, ECF No. 40, Defendant filed a reply, ECF No. 41, another supplement, ECF No. 44, and motions to amend his motion for compassionate release and the supplements thereto, ECF Nos. 43, 46, 47. Additionally, two of Defendant's siblings sent letters to the Court in support of Defendant's compassionate release. ECF Nos. 42, 45. On January 6, 2021, the Court denied Defendant's motion for compassionate release. ECF No. 48. On February 1, 2021, Defendant filed a motion for reconsideration of his motion for compassionate release. ECF No. 49. Upon review of Defendant's motion for reconsideration, the Court is constrained to deny the motion.

**2. FACTS**

In May 2018, Defendant pleaded guilty to three counts of Hobbs Act Robbery, one count of discharging a firearm in relation to a crime of violence, and one count of being a felon in possession of a firearm. ECF Nos. 15, 28. In September 2018, this Court sentenced Defendant to a total term of

imprisonment of 165 months followed by three years of supervised release. ECF No. 28 at 3. At present, Defendant has served approximately 43 months of his sentence. His tentative release date is November 10, 2029.[1]

At the time that he filed his motion for reconsideration, Defendant was incarcerated at Federal Correctional Institution Pekin ("FCI Pekin") in Pekin, Illinois. ECF No. 49 at 1. Based on information available from the Bureau of Prisons, the Court understands that Defendant is now incarcerated at Federal Correctional Institution Forrest City ("FCI Forrest City").[2] In his motion, Defendant asks the Court to release him from prison because of the increased health risks he faces in light of COVID-19, particularly his "borderline diabetes," which Defendant avers the Court neglected to consider in its original order. ECF No. 49. Specifically, Defendant alleges that he is overweight, has a fistula, and suffers from hypertension, borderline diabetes, high blood pressure, chronic chest pains, asthma, depression, and schizophrenia. *Id.* at 2; ECF No. 36 at 13; ECF No. 41 at 2, ECF No. 41-1 at 2–3; ECF No. 43 at 5–6; ECF No. 43-1 at 3. Defendant also states that he continues to experience lingering symptoms after contracting COVID-19 in November 2020. ECF No. 49 at 1, 5. Defendant does not state, however, whether he has been vaccinated against COVID-19. The Court is further unable to discern Defendant's vaccination status from his medical records. ECF No. 40-1 through 40-4.

As of June 24, 2022, FCI Forrest City, where Defendant is currently incarcerated, reports that zero inmates and three staff members have active

---

[1] Although Defendant states that his expected release date is December 7 2029, ECF No. 49 at 2, the Court defers to information available from the Bureau of Prisons. *See* Fed. Bureau of Prisons, Find an inmate., https://www.bop.gov/inmateloc/ (last visited June 24, 2022).

[2] *Id.*

cases of COVID-19.³ Two inmate deaths have been reported, and 283 inmates and 98 staff have recovered from the virus.⁴ Further, FCI Forrest City is reporting that 326 of its staff and 2,934 of its inmates have been fully vaccinated.⁵ As of June 24, 2022, FCI Pekin, where Defendant was previously incarcerated, reports that one inmate and zero staff members have active cases of COVID-19.⁶ Zero inmate deaths have been reported, and 806 inmates and 115 staff have recovered from the virus.⁷ Further, FCI Pekin is reporting that 152 of its staff and 1,128 of its inmates have been fully vaccinated.

### 3. LEGAL STANDARD

The Court can modify a term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or thirty days after the warden at the defendant's facility has received such a request for release, "whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). There must also be "extraordinary and compelling reasons warrant[ing] such a reduction[.]" *Id.* § 3582(c)(1)(A)(i).

While § 3582(c)(1)(A) instructs that a reduction must also be "consistent with applicable policy statements issued by the [United States] Sentencing Commission," this circuit recently held that the relevant policy statement, U.S.S.G. § 1B1.13, is inapplicable to prisoner-initiated motions

---

³Fed. Bureau of Prisons, *COVID-19 Coronavirus*, https://www.bop.gov/coronavirus/ (last visited June 24, 2022).

⁴*Id.*

⁵*Id*.

⁶*Id.*

⁷*Id.*

for compassionate release. *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020). Therefore, a court has discretion when determining what constitutes an "extraordinary and compelling" reason warranting compassionate release. *Id.* ("[T]he trailing paragraph of § 3582(c)(1)(A) does not curtail a district judge's discretion. Any decision is 'consistent with' a nonexistent policy statement."). A district court may also "make the same determinations that would normally be left to the Director of the Bureau of Prisons [under the catchall provision at U.S.S.G. § 1B1.13 n.1(D)]." *United States v. Brown*, Case No. 01-CR-196-JPS, 2020 WL 4569289, at *4 (E.D. Wis. Aug. 7, 2020). Yet, this Court will evaluate prisoner-initiated motions for compassionate release with due regard for the guidance provided in § 1B1.13 because it "provide[s] a working definition of 'extraordinary and compelling reasons' . . . [which] can guide discretion without being conclusive." *Gunn*, 980 F.3d at 1180; *see also United States v. Mays*, Case No. 1:08-cr-00125-TWP-DML, 2020 WL 7239530, at *3 (S.D. Ind. Dec. 9, 2020) (evaluating compassionate motions brought under the "extraordinary and compelling" prong of § 3582(c)(1)(A) with "due regard" for § 1B1.13).

The commentary to the Sentencing Guidelines explains that "extraordinary and compelling reasons exist" when "[t]he defendant is suffering from a terminal illness, (i.e., a serious and advanced illness with an end of life trajectory)," such as cancer or advanced dementia. U.S.S.G. § 1B1.13 n.1.(A)(i). The commentary also considers a defendant's medical condition to be an extraordinary and compelling reason if:

> [t]he defendant is suffering from a serious physical or mental condition, suffering from a serious functional or cognitive impairment, or experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care

Page 4 of 8
Case 2:18-cr-00029-JPS   Filed 06/24/22   Page 4 of 8   Document 54

within the environment of a correctional facility and from which he or she is not expected to recover.

*Id.* § 1B1.13 n.1.(A)(ii).

The Court will also consider whether "the defendant is not a danger" to others or the community, as provided in 18 U.S.C. § 3142(g). *Id.* § 1B1.13(B)(2).

Prior to modifying a term of imprisonment, the Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a), if applicable. 18 U.S.C. § 3582(c)(1)(A). Pursuant to § 3553(a), when determining the sentence to be imposed, the Court shall consider, among other things: the nature and circumstances of the offense; the defendant's history and characteristics; and the need for the sentence to (1) reflect the seriousness of the offense, promote respect for the law, and provide just punishment, (2) afford adequate deterrence, (3) protect the public, and (4) provide the defendant with effective training, care, and/or treatment.

4. **ANALYSIS**

The outbreak of COVID-19, together with underlying medical conditions that place a defendant at "high risk" should he contract the disease, may establish an extraordinary and compelling reason warranting release. *See, e.g.*, *United States v. Gonzales*, Case No. 13-CR-101-JPS, 2020 WL 4437154, at *4 (E.D. Wis. Aug. 3, 2020).

In the past year, the risk calculus has changed significantly given the introduction of several very effective and increasingly widely available vaccines that inoculate against COVID-19. Importantly, on August 23, 2021, after rigorous and thorough evaluation, the Food and Drug Administration approved the Pfizer-BioNTech COVID-19 vaccine for all individuals aged

16 years and older.[8] Other vaccines, including the Moderna vaccine, have been approved for emergency use since late 2020, with great success.[9]

It quickly became the law in the Seventh Circuit that, "for most prisoners[,] the availability of vaccines for COVID-19 'makes it impossible to conclude that the risk of COVID-19 is an "extraordinary and compelling" reason for immediate release.'" *United States v. Sullivan*, No. 20-2647, 2021 WL 3578621, at *2 (7th Cir. Aug. 13, 2021) (quoting *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021)); *see also United States v. Burgard*, No. 20-3210, 2021 WL 3781384, at *2 (7th Cir. Aug. 26, 2021); *United States v. Eveland*, No. 20-3449, 2021 WL 3414202, at *1 (7th Cir. Aug. 5, 2021); *United States v. Ugbah*, 4 F.4th 595, 597 (7th Cir. 2021). Still though, in the past few months, the Seventh Circuit has reigned in the district court's running with this case law:

> We close with an observation about COVID-19 vaccines in the context of requests for compassionate release. The government points to our language in *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021), in which we said that the availability of vaccines had effectively eliminated the risks of COVID-19 to most federal prisoners. But that opinion was handed down before Omicron became the dominant variant in this country (with an increase in breakthrough infections among the fully vaccinated). And it included a safety valve for prisoners to show that they are unable to receive or benefit from a vaccine, or that they remain vulnerable to severe infection, notwithstanding the vaccine. *Id.* Recent events underscore the need for a district court's

---

[8]FDA News Release, U.S. Food & Drug Admin., FDA Approves First COVID-19 Vaccine (Aug. 23, 2021), https://www.fda.gov/news-events/press-announcements/fda-approves-first-covid-19-vaccine.

[9]*See* U.S. Food & Drug Admin., Moderna COVID-19 Vaccine (updated Aug. 18, 2021), https://www.fda.gov/emergency-preparedness-and-response/coronavirus-disease-2019-covid-19/moderna-covid-19-vaccine.

opinion to leave us assured that it considered the applicant's individualized arguments and evidence.

*United States v. Rucker*, No. 21-2001, 2022 WL 610625, at *3 (7th Cir. Mar. 2, 2022).

An individualized look at Defendant's case, as the Court did in its original order, instructs that compassionate release is not appropriate. ECF No. 48. This is particularly true upon consideration of the instant motion for reconsideration, given that the Court is unaware of Defendant's vaccination status. *Cf. United States v. Bullias*, No. 21-2268, 2022 WL 1562840, at *2 (7th Cir. May 18, 2022) (quoting *United States v. Broadfield*, 5 F.4th 801, 802–03 (7th Cir. 2021) ("[P]ublished data do not establish or imply an incremental risk for prisoners . . . after vaccination" as opposed to other vaccinated persons)). Further, the Omicron wave referenced in *Rucker* is well at its end[10] (although the Court is certainly cognizant that another variant may soon emerge).

The Court does not dispute that Defendant suffers from a number of health conditions that place him at an increased risk of severe disease if he were to contract COVID-19. But he has not presented evidence that his being fully vaccinated will not greatly benefit his prospects. For example, Defendant does not appear to have a severely weakened immune system. Vaccination at FCI Pekin, where Defendant was previously incarcerated, and FCI Forrest City, where he is currently incarcerated, at least among the inmates, is well underway, and cases at both institutions are low. Defendant has not presented an extraordinary and compelling reason warranting release.

---

[10]*Coronavirus in the U.S.: Latest Map and Case Count*, New York Times (Mar. 10, 2022), https://www.nytimes.com/interactive/2021/us/covid-cases.html.

**5. CONCLUSION**

Defendant has not proffered an extraordinary and compelling reason warranting his release. Therefore, the Court will deny Defendant's motion for reconsideration of the Court's order denying his motion for compassionate release, ECF No. 49.

Accordingly,

**IT IS ORDERED** that Defendant Jerry L. Boyce's motion for reconsideration, ECF No. 49, be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 24th day of June, 2022.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge