# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JERRY L. BOYCE, <br><br> Defendant. | Case No. 18-CR-29-JPS <br><br><br> **ORDER** |

Before the Court is Defendant's second motion for compassionate release. ECF No. 55. The Court denied Defendant's first motion for compassionate release, which was based on Defendant's health conditions as exacerbated by the COVID-19 pandemic, on January 6, 2021, and on June 24, 2022, denied a motion to reconsider that decision. ECF Nos. 48, 54. On May 11, 2023, the Government filed a response to the instant second motion for compassionate release. ECF No. 58.[1] Defendant did not file a reply within the time allotted by the Court in its briefing schedule, ECF No. 56, or to date. For the reasons set forth below, Defendant's second motion for compassionate release will be denied.

1.  **FACTS**

In May 2018, Defendant pleaded guilty to two counts of Hobbs Act robbery, one count of attempted Hobbs Act robbery, one count of discharging a firearm in relation to a crime of violence (predicated on the attempted robbery), and one count of being a felon in possession of a

---

[1] The Government also filed a motion to seal its response. ECF No. 57. Because the response details Defendant's medical records, the motion to seal will be granted.

firearm. ECF Nos. 15, 19, 28. In September 2018, this Court sentenced Defendant to a total term of imprisonment of 165 months to be followed by three years of supervised release. ECF No. 28 at 3. Defendant's tentative release date is November 10, 2029.[2] Defendant is currently incarcerated at Federal Correctional Institution Forrest City ("FCI Forrest City").[3]

Prior to filing his compassionate release motions, Defendant filed a motion to vacate under 28 U.S.C. § 2255, ECF No. 32, which the Court denied on December 11, 2019. *Boyce v. United States*, 19-CV-1428-JPS, ECF No. 7 (Dec. 11, 2019). The Seventh Circuit denied Defendant a certificate of appealability on January 11, 2021. *Id.*, ECF No. 16 (Jan. 11, 2021). On March 2, 2022, Defendant moved in the Seventh Circuit for certification to file a second or successive § 2255 motion under § 2255(h) on the ground of a then undecided case pending before the U.S. Supreme Court—*United States v. Taylor*—which involved the issue of whether attempted Hobbs Act robbery is a predicate crime of violence. *Boyce v. United States*, No. 22-1339, ECF No. 1 (7th Cir. Mar. 2, 2022). The Seventh Circuit denied such authorization on March 14, 2022, in part because "*Taylor* remains undecided." *Id.*, ECF No. 2 (7th Cir. Mar. 14, 2022).

Defendant now moves for compassionate release on several bases. First, he raises his health. Defendant suffers from migraine headaches, hypertension, depression, anxiety, and is a pre-diabetic. ECF No. 55 at 2. He is a former smoker. *Id.* at 3. As he did in his first motion, *see* ECF No. 54, he contends that these "co-morbidities" place him at higher risk should he

---

[2]*See* Fed. Bureau of Prisons, Find an inmate., https://www.bop.gov/inmateloc/ (last visited June 2, 2023).

[3]*Id.*

contract COVID-19. *Id.* Defendant is not vaccinated due to his concerns regarding negative side effects from the vaccine. *Id.* at 5–8.

Second, Defendant cites changes to the proposed amendments to Sentencing Guideline Section 1B1.13, which he argues would lower his criminal history score. *Id.* at 9. Third, Defendant asserts that the U.S. Supreme Court's decision (which has now been decided, contrary to its "undecided" status at the time he filed his § 2255(h) motion with the Seventh Circuit) in *United States v. Taylor*, 142 S. Ct. 2015 (2022), supports his compassionate release. *Id.* at 10. The *Taylor* Court held that attempted Hobbs Act robbery does not qualify as a predicate "crime of violence" under 18 U.S.C. § 924(c). *Taylor*, 142 S. Ct. at 2016. Count Five of Defendant's Indictment, for which he pled guilty and was sentenced, was an attempted Hobbs Act robbery charge. ECF No. 28.

## 2. LEGAL STANDARD

The Court can modify a term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or thirty days after the warden at the defendant's facility has received such a request for release, "whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).[4] There must also be "extraordinary and compelling reasons warrant[ing] such a reduction[.]" *Id.* § 3582(c)(1)(A)(i).

While § 3582(c)(1)(A) instructs that a reduction must also be "consistent with applicable policy statements issued by the [United States] Sentencing Commission," this circuit recently held that the relevant policy

---

[4]The Government argues that Defendant has failed to exhaust his administrative remedies, ECF No. 58 at 3, but Defendant attaches evidence of exhaustion to his motion. *See* ECF No. 55-1 at 2–5. The Court therefore declines to deny relief solely on this basis.

statement, U.S.S.G. § 1B1.13, is inapplicable to prisoner-initiated motions for compassionate release. *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020). Therefore, a court has discretion when determining what constitutes an "extraordinary and compelling" reason warranting compassionate release. *Id.* ("[T]he trailing paragraph of § 3582(c)(1)(A) does not curtail a district judge's discretion. Any decision is 'consistent with' a nonexistent policy statement."). A district court may also "make the same determinations that would normally be left to the Director of the Bureau of Prisons [under the catchall provision at U.S.S.G. § 1B1.13 n.1(D)]." *United States v. Brown*, No. 01-CR-196-JPS, 2020 WL 4569289, at *4 (E.D. Wis. Aug. 7, 2020).

Yet, this Court will evaluate prisoner-initiated motions for compassionate release with due regard for the guidance provided in § 1B1.13 because it "provide[s] a working definition of 'extraordinary and compelling reasons' . . . [which] can guide discretion without being conclusive." *Gunn*, 980 F.3d at 1180; *see also United States v. Mays*, No. 1:08-cr-00125-TWP-DML, 2020 WL 7239530, at *3 (S.D. Ind. Dec. 9, 2020) (evaluating compassionate motions brought under the "extraordinary and compelling" prong of § 3582(c)(1)(A) with "due regard" for § 1B1.13).

The commentary to the Sentencing Guidelines explains that "extraordinary and compelling reasons exist" when "[t]he defendant is suffering from a terminal illness, (i.e., a serious and advanced illness with an end of life trajectory)," such as cancer or advanced dementia. U.S.S.G. § 1B1.13 n.1.(A)(i). The commentary also considers a defendant's medical condition to be an extraordinary and compelling reason if:

> [t]he defendant is suffering from a serious physical or mental condition, suffering from a serious functional or cognitive impairment, or experiencing deteriorating physical or mental

> health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

*Id.* § 1B1.13 n.1.(A)(ii).

The Court will also consider whether "the defendant is not a danger" to others or the community, as provided in 18 U.S.C. § 3142(g). *Id.* § 1B1.13(B)(2).

Prior to modifying a term of imprisonment, the Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a), if applicable. 18 U.S.C. § 3582(c)(1)(A).

### 3. ANALYSIS

#### 3.1 Extraordinary and Compelling Reasons

Defendant previously moved for compassionate release based upon the same health conditions he raises in the instant motion, contending then (and now) that they present him at heightened risk if he contracts COVID-19. ECF Nos. 48, 54. Defendant's second motion raises nothing new that would alter the Court's previous analyses on these issues, except for his contention that he has chosen not to be vaccinated. However, declining the COVID-19 vaccine is not a get out of jail free card. *See United States v. Crumble*, No. 16-CR-102, 2021 WL 2078012, at *5 (E.D. Wis. May 24, 2021). Moreover, the World Health Organization has declared that the COVID-19 pandemic is now over, and there is only one active case at FCI Forrest City.[5]

As to Defendant's second argument, the Court declines to consider—let alone grant—compassionate release based on amendments that are not

---

[5] Mundasad, et al., *Covid Global Health Emergency Is Over, WHO Says* (May 5, 2023), *available at* https://perma.cc/G93Z-XR4P (last visited June 2, 2023); BOP COVID-19 Statistics, *available at* https://perma.cc/Q6DC-KJ3U (last visited June 2, 2023).

yet effective. *United States v. Freeman*, No. 1:16-CR-78-HAB, 2023 WL 2523417, at *2 (N.D. Ind. Mar. 14, 2023) ("[Defendant's] request jumps the gun. At this point, the proposed amendments [Defendant] points to have not been finalized or approved by the Commission and are subject to change in light of public comments."). In any event, Defendant's challenge based on the amendments relates to his criminal history score. A defendant's "challenges to the length of his sentence are not extraordinary and compelling reasons that merit compassionate release." *United States v. Kozik*, No. 08-CR-49-1, 2023 WL 3763528, at *2 (N.D. Ill. June 1, 2023) (analyzing similar argument related to downward departure of criminal history score).

Finally, and as pertinent both to Defendant's argument regarding the proposed Guideline amendments and *Taylor*, the Seventh Circuit is clear that changes in the law—such as "statutory sentencing enhancements for which . . . [defendants] would no longer be eligible if sentenced today," "non-retroactive statutory changes," or "new judicial decisions"—are not extraordinary or compelling reasons supporting a motion for compassionate release. *United States v. Williams*, 65 F.4th 343, 347 (7th Cir. 2023) (citing *United States v. Brock*, 39 F.4th 462, 465–66 (7th Cir. 2022); *United States v. King*, 40 F.4th 594, 595 (7th Cir. 2022); *United States v. Thacker*, 4 F.4th 569, 571–75 (7th Cir. 2021)). These challenges must instead be raised "through the direct appeal process or collaterally through a 28 U.S.C. § 2255 motion." *Id.*

Because Defendant has already filed a § 2255 motion, his options are limited. Defendant could ostensibly turn again to § 2255(h) in light of *Taylor* now having been decided, or he could rely on the § 2255 savings clause and move through 28 U.S.C. § 2241 in the district where he is confined, as the

Government explains. ECF No. 58 at 11. However, this analysis, and any further discussion of these options, are beyond the scope of this Order and may soon implicate statute of limitations concerns in light of the date of the *Taylor* decision.

### 3.2 The § 3553(a) Factors

Having determined that Defendant has not presented an extraordinary and compelling reason warranting release, the Court is not required to consider the § 3553(a) factors. *See Thacker*, 4 F.4th at 576 ("*Upon a finding* that the prisoner has supplied [an "extraordinary and compelling"] reason, the second step of the analysis requires the district court, in exercising the discretion conferred by the compassionate release statute, to consider any applicable sentencing factors in § 3553(a).") (emphasis added). However, even if Defendant had demonstrated an extraordinary or compelling reason, the Court's application of the sentencing factors to Defendant counsel against early release.

The § 3553(a) factors include the following: the nature and circumstances of the offense; the defendant's history and characteristics; and the need for the sentence to (1) reflect the seriousness of the offense, promote respect for the law, and provide just punishment, (2) afford adequate deterrence, (3) protect the public, and (4) provide the defendant with effective training, care, and/or treatment.

In this case, Defendant explains that he deeply regrets his actions. ECF No. 55 at 13. At the time he committed his crimes, he was in a downward spiral due to his mother's death. *Id.* He is skilled in carpentry, blue-printing, and remodeling homes, and has worked to improve himself in prison so that he can be a productive member of society for himself, his fiancée, and his four minor children. *Id.* at 12–13.

Countervailing these improvements, however, is the fact that Defendant is serving a lengthy sentence for violent crimes.[6] Defendant committed two robberies and attempted a third. He wielded a firearm at store clerks during all three, and he fired rounds at a store owner during one. ECF No. 23 at 5–6. He has now served approximately one-third of his sentence. Releasing him now would not promote—and indeed would undermine—the goals of deterrence, protection of the public, and continued rehabilitation.

4.  **CONCLUSION**

Defendant has not proffered an extraordinary and compelling reason warranting compassionate release. Moreover, the § 3553(a) factors do not support release at this juncture. Therefore, the Court will deny Defendant's second motion for compassionate release.

Accordingly,

**IT IS ORDERED** that Defendant Jerry L. Boyce's second motion for compassionate release, ECF No. 55, be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that the Government's motion to seal, ECF No. 57, be and the same is hereby **GRANTED**.

---

[6] Violent offenders are statistically more likely to reoffend compared to non-violent offenders. *See Recidivism Among Federal Violent Offenders*, UNITED STATES SENTENCING COMMISSION, *available at* https://perma.cc/T3DU-DTWA (last visited June 2, 2023) ("[O]ffenders who engaged in violent criminal activity—whether during the instant federal offense or as part of prior criminal conduct—generally recidivated at a higher rate, more quickly, and for more serious crimes than non-violent offenders."). Moreover, federal offenders "who were sentenced for a robbery offense . . . stood out among other violent offenders in terms of their rates of recidivism." *Federal Robbery: Prevalence, Trends, and Factors in Sentencing*, UNITED STATES SENTENCING COMMISSION (Aug. 2022), *available at* https://perma.cc/RXN9-VCXD (last visited June 2 2023).

Dated at Milwaukee, Wisconsin, this 5th day of June, 2023.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge