# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>v.<br><br>JERRY L. BOYCE,<br><br>      Defendant. | Case No. 18-CR-29-JPS<br><br>**ORDER** |

  Before the Court is Defendant Jerry L. Boyce's ("Defendant") third motion for compassionate release. ECF No. 62. The Court denied Defendant's first motion for compassionate release, which was based on Defendant's health conditions as exacerbated by the COVID-19 pandemic, ECF No. 33, and the Court later denied a motion to reconsider that decision. ECF Nos. 48, 49, 54. The Court also denied Defendant's second motion for compassionate release, which was based again on Defendant's health conditions as exacerbated by the COVID-19 pandemic, then-proposed amendments to U.S.S.G. § 1B1.13, and the Supreme Court's decision in *United States v. Taylor*, 596 U.S. 845 (2022) (hereinafter "*Taylor*"). ECF Nos. 55, 59.

  Upon review of Defendant's third motion for compassionate release, the Court ordered the Government to respond only to the proffered bases for release that the Court had not already considered in its prior orders. ECF No. 64; *see also, e.g.*, *United States v. Porter*, No. 17-CR-30057, 2020 WL 7388618, at *1 (C.D. Ill. Dec. 16, 2020) (considering second motion for compassionate release after first motion was denied on its merits and new motion argued a change in defendant's circumstances); *United States v.*

*Vaughn*, No. 99-CR-30068, 2021 WL 130967, at *1 (C.D. Ill. Jan. 13, 2021) (same). The motion is now fully briefed,[1] ECF Nos. 62, 66, 67, and for the reasons set forth below, it will be denied.

1.  **FACTS**

In May 2018, Defendant pleaded guilty to two counts of Hobbs Act robbery, one count of attempted Hobbs Act robbery, one count of discharging a firearm in relation to a crime of violence (predicated on the attempted robbery), and one count of being a felon in possession of a firearm. ECF Nos. 15, 19, 28.[2] In September 2018, this Court sentenced Defendant to a total term of imprisonment of 165 months to be followed by three years of supervised release. ECF No. 28 at 3–4. Defendant's tentative release date is November 10, 2029.[3]

---

[1] The Government also filed a motion to seal its response, which the Court will grant. ECF No. 65.

[2] The judgment in this case erroneously reflects three counts of completed Hobbs Act robbery, rather than two counts of completed and one count of attempted Hobbs Act robbery. ECF No. 28. The error is essentially typographical, immaterial for purposes of this Order, and did not affect Defendant's sentence. To the extent that Defendant argues that the Indictment and his plea agreement contain the same error, ECF No. 67 at 10–13, that is not the case. ECF No. 1 at 5 (Indictment) (Count Five charging that Defendant did "unlawfully *attempt* to obstruct, delay, and affect commerce . . . ") (emphasis added); ECF No. 15 at 3 (plea agreement) (same). The counts of completed Hobbs Act robbery do not include the "attempt" qualifier, and there was no error or effect as to Defendant's sentence, as he contends. *Id.*; ECF No. 67 at 10–13. *Taylor* was not the law at the time of Defendant's sentence. And as the Court previously explained, ECF No. 64 at 2, the Seventh Circuit has since held that *Taylor* does not qualify as a basis for a successive 28 U.S.C. § 2255 motion because it "did not announce a new constitutional rule[; r]ather, it involved statutory interpretation." *Hunter v. United States*, No. 23-2070, ECF No. 2 (7th Cir. June 7, 2023). The U.S. Supreme Court has further since held that 28 U.S.C. § 2241 is not available for such a challenge. *See Jones v. Hendrix*, 599 U.S. 465 (2023).

[3] *See* Fed. Bureau of Prisons, Find an inmate, https://www.bop.gov/inmateloc/ (last visited July 18, 2024).

Prior to filing his compassionate release motions, Defendant filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, ECF No. 32, which the Court denied on December 11, 2019. *Boyce v. United States*, 19-CV-1428-JPS, ECF No. 4 (Dec. 11, 2019). The Seventh Circuit denied Defendant a certificate of appealability on January 11, 2021. *Id.*, ECF No. 16 (Jan. 11, 2021).

On March 2, 2022, Defendant moved in the Seventh Circuit for certification to file a second or successive § 2255 motion under § 2255(h) based on *Taylor*—which was at that time undecided and pending before the Supreme Court—which involved the issue of whether attempted Hobbs Act robbery is a predicate crime of violence. *Boyce v. United States*, No. 22-1339, ECF No. 1 (7th Cir. Mar. 2, 2022). The Seventh Circuit denied such authorization, in part because "*Taylor* remain[ed] undecided." *Id.*, ECF No. 2 at 2 (7th Cir. Mar. 14, 2022). In June 2022, the Supreme Court issued its opinion in *Taylor*, holding that attempted Hobbs Act robbery does not qualify as a predicate "crime of violence" under 18 U.S.C. § 924(c). *Taylor*, 596 U.S. at 860. Count Five of Defendant's Indictment, for which he pled guilty and was sentenced, was an attempted Hobbs Act robbery charge. ECF Nos. 1, 15, 28.

In Defendant's third motion for compassionate release, he proffers the following bases for release that the Court has not yet adjudicated. First, he argues that *Taylor* is an intervening change in the law that creates a "sentencing disparity . . . such that his sentence is no longer equitable." ECF No. 62 at 3–4. Second, he raises misconduct by a correctional officer involving physical and sexual abuse of Defendant. *Id.* at 4. Defendant reported the incident to his warden, the Attorney General, the Regional Office, Internal Affairs, and the Bureau of Prisons (the "BOP") Director. *Id.*

He describes documentation that he has previously submitted supporting these reports and his injuries. *Id.* at 5 (citing ECF No. 41-1 at 7–15). He also alleges that his resulting injuries were not properly treated and that he is being retaliated against for having reported the incident. *Id.* at 6–7. Third, Defendant asserts that a downward departure in his criminal history category is warranted "because he received criminal history points from a sentence for possession of marijuana for personal use," which President Biden has pardoned. *Id.* at 8. Finally, Defendant raises his rehabilitation and programming participation in prison, which includes having served as a mentor to his nephew and taking classes to aid him in running a successful business. *Id.* at 8–9.

**2. LEGAL STANDARD**

The Court can modify a term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf" or thirty days after the warden at the defendant's facility has received such a request for release, "whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). There must be "extraordinary and compelling reasons warrant[ing] such a reduction." *Id.* § 3582(c)(1)(A)(i).

Section 3582(c)(1)(A) instructs that a reduction must also be "consistent with applicable policy statements issued by the [United States] Sentencing Commission" (the "Commission"). *See also United States v. Black*, No. 05 CR 70-4, 2024 WL 449940, at *4 (N.D. Ill. Feb. 6, 2024) ("Congress directed the . . . Commission, in policy statements, to 'describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples.'") (quoting 28 U.S.C. § 994(t)).

In 2020, the Seventh Circuit held that the relevant policy statement, U.S.S.G. § 1B1.13, was inapplicable to prisoner-initiated motions for compassionate release. *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020) ("Section 1B1.13 addresses motions and determinations of the Director, not motions by prisoners. In other words, the . . . Commission has not yet issued a policy statement 'applicable' to [a prisoner's] request."). Therefore, because there was no applicable policy statement, the Seventh Circuit explained that courts have discretion when determining what constitutes an "extraordinary and compelling" reason warranting compassionate release. *Id.* ("[T]he trailing paragraph of § 3582(c)(1)(A) does not curtail a district judge's discretion. Any decision is 'consistent with' a nonexistent policy statement.").

However, November 1, 2023 amendments to § 1B1.13 clarify that, in addition to "expand[ing] the list of specified extraordinary and compelling reasons that can warrant sentence reductions," "the applicability of the policy statement [is extended] to defendant-filed motions . . . ." U.S. SENT'G COMM'N, *Amendments to the Sentencing Guidelines, Policy Statements, Official Commentary, and Statutory Index* 7, *available at* https://perma.cc/P7TS-LMXQ (last visited July 18, 2024). Thus, it appears that the Seventh Circuit's prior determination of inapplicability of the policy statement will change. *See United States v. Thacker*, 4 F.4th 569, 573 (7th Cir. 2021) ("[*U*]ntil the . . . Commission updates its policy statement to reflect prisoner-initiated compassionate release motions, district courts have broad discretion to determine what else may constitute 'extraordinary and compelling reasons' warranting a sentence reduction.") (citing *Gunn*, 980 F.3d at 1180–81) (emphasis added).

Page 5 of 14
Case 2:18-cr-00029-JPS   Filed 07/18/24   Page 5 of 14   Document 68

Nonetheless, the distinction is ultimately academic. Courts retain discretion under the "catchall" provision of § 1B1.13 to find "any other circumstance or combination of circumstances" that are "similar in gravity" to those specifically enumerated in § 1B1.13 to be extraordinary and compelling bases for release. U.S. SENT'G COMM'N, *Amendments to the Sentencing Guidelines, Policy Statements, Official Commentary, and Statutory Index* 3, 7 (referring to § 1B1.13(b)(5) as a "catchall" provision); *cf. Gunn*, 980 F.3d at 1180 (holding, prior to November 1, 2023 amendments, that "[t]he substantive aspects of the . . . Commission's analysis in § 1B1.13 and its Application Notes provide a working definition of 'extraordinary and compelling reasons'; a judge who strikes off on a different path risks an appellate holding that judicial discretion has been abused") (citing *Gall v. United States*, 552 U.S. 38, 49–50 (2007) and *Kimbrough v. United States*, 552 U.S. 85 (2007)).

Prior to modifying a term of imprisonment, the Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a), if applicable. 18 U.S.C. § 3582(c)(1)(A).

## 3. ANALYSIS[4]

### 3.1 Extraordinary and Compelling Circumstances

As pertinent to Defendant's motion, the amendments to § 1B1.13 detail the following circumstances in which a defendant can be considered for a reduction in his sentence:

> For defendants who are victims of sexual or physical abuse, extraordinary and compelling circumstances exist when the defendant "while in custody serving the term of imprisonment sought to be reduced,

---

[4]The Government concedes that Defendant has exhausted his administrative remedies. ECF No. 66 at 2.

Page 6 of 14
Case 2:18-cr-00029-JPS    Filed 07/18/24    Page 6 of 14    Document 68

was a victim of[] . . . sexual abuse involving a 'sexual act' . . . or physical abuse resulting in 'serious bodily injury' . . . that was committed by, or at the direction of, a correctional officer, an employee or contractor of the [BOP], or any other individual who had custody or control over the defendant." U.S.S.G. § 1B1.13(b)(4)(A)–(B). "[T]he misconduct must be established by a conviction in a criminal case, a finding or admission of liability in a civil case, or a finding in an administrative proceeding, unless such proceedings are unduly delayed or the defendant is in imminent danger." *Id.*

> Extraordinary and compelling reasons also exist when
>
> a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment . . . . [In those circumstances,] a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6).

Finally, extraordinary and compelling circumstances may also be "any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described [in the policy statement] are similar in gravity to those described in [the policy statement]." U.S.S.G. § 1B1.13(b)(5). "[R]ehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement. However, rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances

in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." U.S.S.G. § 1B1.13(d).

The Government construes Defendant's argument that *Taylor* constitutes an intervening change in the law that produces a sentence disparity under § 1B1.13(b)(6). ECF No. 66 at 4. Defendant contends that he intended the argument—and his motion as a whole—to be considered under the "catchall" provision set forth in § 1B1.13(b)(5). ECF No. 67 at 2. The Court agrees with the Government that the argument is properly understood under § 1B1.13(b)(6). The Court will nevertheless, at the conclusion of its analysis, consider all of Defendant's arguments holistically under § 1B1.13(b)(5). *See United States v. Vaughn*, 62 F.4th 1071, 1073 (7th Cir. 2023) ("[N]o matter how the threshold [for 'extraordinary and compelling reasons'] is defined, a combination of factors may move any given prisoner past it, even if one factor alone does not.").

Analyzing the *Taylor* issue under § 1B.13(b)(6), Defendant's argument is unavailing. First, the Court has already thoroughly analyzed the issue of whether the November 1, 2023 addition of subsection (6) to § 1B1.13 allows for a finding that an unusually long sentence that produces a gross disparity due to an intervening change in the law may be considered an extraordinary and compelling basis for release. *See United States v. O'Neill*, No. 97-CR-98-1-JPS, 2024 WL 2369102, at *9–22 (E.D. Wis. May 23, 2024). The Court concluded that the United States Sentencing Commission exceeded its statutory authority with this addition. *Id.* The Court stands by that conclusion. Applying that conclusion, the Court is left with Seventh Circuit precedent, by which it is bound, holding that intervening changes in the law that produce a gross sentencing disparity are not extraordinary and compelling. *Id.* at *22 (citing *Thacker*, 4 F.4th 569 and *Black*, 2024 WL

449940, at *11). Second, even if the Court had not already reached this conclusion, the argument would not succeed under § 1B1.13(b)(6) for the simple reason that Defendant has not yet served 10 years of his sentence.

Next, both the Government and Defendant construe Defendant's argument regarding physical and sexual abuse by a correctional officer under § 1B1.13(b)(4). ECF No. 66 at 3; ECF No. 67 at 5 (arguing that both § 1B.13(b)(4)(A) and (b)(4)(B) apply). Defendant's argument is unsuccessful because, under either § 1B.13(b)(4)(A) or (b)(4)(B), an assertion of physical or sexual abuse by a correctional officer must be supported by a finding or admission of liability in a criminal case, civil case, or administrative proceeding, absent undue delay or imminent danger. While Defendant submits documentation to support his allegations, ECF No. 41-1 at 7–15, these documents do not support that a finding or admission of liability was made. Indeed, the Government submits documentation showing that Internal Affairs investigated Defendant's allegations and that they were not sustained. ECF No. 66 at 4 (citing ECF No. 66-1).

The documentation submitted by both Defendant and the Government further does not show that undue delay took place so as to excuse the requirement that a finding of liability be proven. From what the Court understands from this documentation, in April 2020, Defendant suffered from an anxiety attack, during which a correctional officer "squeezed [Defendant's] right butt cheek" while Defendant was passed out. ECF No. 41-1 at 9. Defendant submitted a complaint about the incident. ECF No. 62 at 5. Defendant alleges that he later received an incident report for refusing a breathalyzer when he was "mumbling incoherently," off balance, and with glassy and red eyes, ECF No. 41-1 at 7, 11, 13–14, in retaliation for his complaint, ECF No. 62 at 6, ECF No. 67 at 6. He also

complained that he was being held against his will and lost privileges, ECF No. 41-1 at 15, which he also contends was in retaliation for his complaint against the correctional officer, ECF No. 62 at 6. Defendant requested that the incident report be expunged due to the sexual and physical assault. ECF No. 41-1 at 10. The Regional Office assured Defendant in June 2020 that his allegations would be investigated, and an investigation was opened in June 2020. *Id.*; ECF No. 66-1. The incident report was returned to his institution for corrective action. ECF No. 41-1 at 12. In January 2022, the investigation was closed, and Internal Affairs issued a decision that the allegations were not sustained. ECF No. 66-1.

While "undue delay" is not defined in the policy statement, courts have questioned whether undue delay is present where there was a 10-month gap between federal indictment of a correctional officer and the Court's compassionate release order and no trial date had yet been set. *See United States v. Left Hand*, No. 1:16-CR-189, 2024 WL 579206, at *5 (D.N.D. Feb. 13, 2024). Under the circumstances before the Court in this case, where the entire administrative proceeding was commenced and concluded in approximately 18 months, there is no undue delay.

There is also no imminent danger so as to excuse the requirement that a finding of liability be proven. While Defendant maintains that there is ongoing corruption, ECF No. 67 at 6, and that he suffered embarrassment and pain from his injuries "from 2020 until 2022," ECF No. 62 at 7, his documentation does not support a finding of imminent danger. This is so particularly because "the conduct of which he complains occurred [approximately four] years ago." *United States v. Ancheta*, No. 3:12-CR-00015-HDM-BNW, 2024 WL 1181815, at *4 (D. Nev. Mar. 19, 2024) (citing

U.S.S.G. § 1B1.13(b)(4)). Accordingly, Defendant has not established an extraordinary and compelling circumstance under § 1B1.13(b)(4).

With respect to his assertion that a downward departure is warranted for his two prior marijuana possession sentences, *see* ECF Nos. 62 at 8, 23 at 12–13, Defendant relies on Part C of Amendment 821 to the United States Sentencing Guidelines ("Part C"), ECF No. 67 at 4. "As set forth in Part C, a 'downward departure from the defendant's criminal history category may be warranted' where, among other circumstances, '[t]he defendant received criminal history points from a sentence for possession of marihuana for personal use, without an intent to sell or distribute it to another person.'" *United States v. Guerrier*, No. 21-20455-CR, 2024 WL 1307112, at *2 (S.D. Fla. Mar. 27, 2024) (quoting U.S.S.G. § 4A1.3). However, "Part C 'does not expunge simple possession of marijuana convictions nor does it exclude them from consideration in calculating a defendant's criminal history score and category'" and "'a downward departure under this guideline is only discretionary,' in that, at most, it '*may* be warranted.'" *Id.* (quoting *United States v. Phillips*, No. 1:18-CR-00106-2-MAC, 2023 WL 8483905, at *1 (E.D. Tex. Nov. 15, 2023)). More importantly, "there is no indication, and [Defendant] has provided no support otherwise, that the Sentencing Commission intended Part C (§ 4A1.3) to apply retroactively." *Id.* Accordingly, the Court declines to grant Defendant a downward departure under Part C.

Even considering together all of these bases for relief,[5] Defendant's prior bases for relief that the Court previously adjudicated, ECF Nos. 48, 59,

---

[5]In his reply brief, Defendant describes the difficult conditions of living at his institution, including lockdowns, staff shortages, water leaks, mold, and low recreation time. ECF No. 67 at 14–16. The Court sympathizes with Defendant and has made a point at every single sentencing hearing for years to discuss the

Page 11 of 14
Case 2:18-cr-00029-JPS    Filed 07/18/24    Page 11 of 14    Document 68

and Defendant's rehabilitation and programming while in prison, the Court is not persuaded that Defendant has proffered an extraordinary and compelling basis for relief. *See Vaughn*, 62 F.4th at 1073; U.S.S.G. § 1B1.13(b)(5). Thus, his motion will be denied for that reason alone.

### 3.2 The § 3553(a) Factors

Having determined that Defendant has not presented an extraordinary and compelling reason warranting release, the Court is not required to consider the § 3553(a) factors. *See Thacker*, 4 F.4th at 576 ("*Upon a finding* that the prisoner has supplied [an "extraordinary and compelling"] reason, the second step of the analysis requires the district court, in exercising the discretion conferred by the compassionate release statute, to consider any applicable sentencing factors in § 3553(a) . . . .") (emphasis added). However, even if Defendant had demonstrated an extraordinary or compelling reason, the Court's application of the sentencing factors to Defendant counsel against early release.

The § 3553(a) factors include the following: the nature and circumstances of the offense; the defendant's history and characteristics; and the need for the sentence to (1) reflect the seriousness of the offense, promote respect for the law, and provide just punishment, (2) afford adequate deterrence, (3) protect the public, and (4) provide the defendant with effective training, care, and/or treatment.

---

deficiencies in the prison system. But these deficiencies are not a "get out of jail free" card, and they are not cognizable on compassionate release absent a connection to Defendant's specific circumstances. *See United States v. Newton*, 996 F.3d 485, 490–91 (7th Cir. 2021) (citing *United States v. Joiner*, 988 F.3d 993, 995–96 (7th Cir. 2021)); *see also United States v. Cockerell*, No. 4:15-CR-00028-TWP-VTW-5, 2024 WL 1741751, at *3 (S.D. Ind. Apr. 22, 2024) (noting that institution conditions are more properly raised in a civil suit) (citing *United States v. Miller*, No. 21-1600, 2022 WL 2187555, at *1 (7th Cir. June 16, 2022)). Apart from the April 2020 incident and its aftermath, which the Court has addressed, Defendant does not do so.

In this case, in addition to the arguments Defendant has previously submitted as to the § 3553(a) factors, Defendant explains that he has learned resilience. ECF No. 62 at 9. He has maintained a consistent job while in prison and nurtures his familial and community relationships. *Id.* He has also paid his restitution, and he has a release plan to live with his brother and wife, as well as guaranteed employment. *Id.* at 9–10.

Countervailing these improvements, however, is the fact that Defendant is serving a lengthy sentence for violent crimes.[6] Defendant committed two robberies and attempted a third. He wielded a firearm at store clerks during all three, and he fired rounds at a store owner during one. ECF No. 23 at 5–6. The Court's analysis of this balance has not changed since it issued its two prior decisions. ECF Nos. 48, 59. Releasing Defendant now, when he has completed just over six years of his sentence, ECF No. 66 at 2, would not promote—and indeed would undermine—the goals of deterrence, protection of the public, and continued rehabilitation.

4.  **CONCLUSION**

Defendant has not proffered an extraordinary and compelling reason warranting compassionate release. Moreover, the § 3553(a) factors

---

[6]Violent offenders are statistically more likely to reoffend compared to non-violent offenders. *See Recidivism Among Federal Violent Offenders*, UNITED STATES SENTENCING COMMISSION, *available at* https://perma.cc/T3DU-DTWA (last visited July 18, 2024) ("[O]ffenders who engaged in violent criminal activity—whether during the instant federal offense or as part of prior criminal conduct—generally recidivated at a higher rate, more quickly, and for more serious crimes than non-violent offenders."). Moreover, federal offenders "who were sentenced for a robbery offense . . . stood out among other violent offenders in terms of their rates of recidivism." *Federal Robbery: Prevalence, Trends, and Factors in Sentencing*, UNITED STATES SENTENCING COMMISSION (Aug. 2022), *available at* https://perma.cc/6UBC-R9CX (last visited July 18, 2024).

do not support release at this juncture. Therefore, the Court will deny Defendant's third motion for compassionate release.

Accordingly,

**IT IS ORDERED** that Defendant Jerry L. Boyce's third motion for compassionate release, ECF No. 62, be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that the Government's motion to seal, ECF No. 65, be and the same is hereby **GRANTED**; the Government's response, ECF No. 66, shall remain **SEALED** pending further order of the Court.

Dated at Milwaukee, Wisconsin, this 18th day of July, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge